**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 112799

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Lorraine Korber,<br><br>    Plaintiff,<br><br>vs.<br><br>ARStrat, LLC,<br><br>    Defendant. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Lorraine Korber (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against ARStrat, LLC (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Lorraine Korber is an individual who is a citizen of the State of New York residing in Nassau County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant ARStrat, LLC, is a Texas Limited Liability Company with a principal place of business in Harris County, Texas.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Defendant alleges Plaintiff owes a debt ("the Debt").

11. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

13. Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated January 13, 2017. (**Exhibit 1.**)

15. The Letter was the initial communication Plaintiff received from Defendant.

16. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

17. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

18. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

19. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of the debt.

20. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

or deceptive means to collect or attempt to collect any debt."

21. The Letter alleges that such is the second notice from Defendant to Plaintiff concerning the Debt.

22. The Letter states, **"Second Notice."** (emphasis in original.)

23. The Letter states, "We sent you a first notice which included your rights under the Fair Debt Collections Practices Act."

24. The above statements are false.

25. The Letter was the initial communication Plaintiff received from Defendant.

26. The Letter, because of the false statements, would likely confuse the least sophisticated consumer.

27. The Letter, because of the false statements, would likely confuse the least sophisticated consumer as to when his or her validation rights run.

28. The Letter, because of the false statements, would likely lead the least sophisticated consumer to believe he or she is missing the "First Notice" from Defendant.

29. The Letter, because of the false statements, would likely make the least sophisticated consumer unsure as to when his or her validation rights run.

30. The Letter, because of the false statements, would likely make the least sophisticated consumer unsure as to whether he is missing the "First Notice" from Defendant.

31. Defendant's conduct, as described, violates 15 U.S.C. § 1692e.

32. Defendant's conduct, as described, violates 15 U.S.C. § 1692g.

## JURY DEMAND

33. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Damages against Defendant pursuant to 15 U.S.C. § 1692k; and

b. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

c. Plaintiff's costs; all together with

d. Such other relief that the Court determines is just and proper.

DATED: January 15, 2018

            **BARSHAY SANDERS, PLLC**

            By: _/s/ *Craig B. Sanders*_____
            Craig B. Sanders, Esq.
            100 Garden City Plaza, Suite 500
            Garden City, New York 11530
            Tel: (516) 203-7600
            Fax: (516) 706-5055
            csanders@barshaysanders.com
            *Attorneys for Plaintiff*
            Our File No.: 112799